UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ORION R. HARDEN,  )
 )
   Petitioner,  ) Civil Action No. 12-CV-23-HRW
 )
v.  )
 )
M. SEPANEK, Warden,  ) **MEMORANDUM OPINION**
 ) **AND ORDER**
   Respondent.  )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Orion R. Harden, while confined at the Federal Correctional Institution in Ashland, Kentucky, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] The Court has reviewed the petition,[1] but must deny it because Harden can not pursue his claims in a habeas corpus proceeding under § 2241.

On April 23, 1998, Harden pled guilty in a Virginia federal court to one count of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846,

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Harden is not represented by an attorney, the court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Harden's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

and one count of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). *United States v. Harden*, No. 3:97-CR-70099-l (W.D. Va. 1997). On July 23, 1998, the district court imposed the mandatory minimum sentence of 120 months on the firearm offense and a consecutive 121-month sentence on the drug trafficking offense. On April 8, 2008, the district court reduced Harden's conspiracy sentence by one month pursuant to his motion under 18 U.S.C. § 3582(c).

In August 2008, Harden filed a motion vacate his sentence under 28 U.S.C. § 2255, alleging that he was "actually innocent" of the firearm offense; that the government had constructively amended his indictment; and that his counsel had provided constitutionally ineffective assistance. The sentencing court rejected his claims and denied his § 2255 motion. *United States v. Harden*, 2009 WL 2245143 (W.D. Va. July 24, 2009). On appeal, the Fourth Circuit denied Harden a certificate of appealability. *United States v. Harden*, 366 F. App'x 464 (4th Cir. 2010). Harden also unsuccessfully attempted to file several successive § 2255 motions in the sentencing court.

In his petition, Harden argues that the Supreme Court's decision in *DePierre v. United States*, 131 S.Ct. 2225 (2011) makes the drug conduct charged in his indictment a nonexistent offense, rendering the indictment under which he was charged fatally defective. In *DePierre*, the Supreme Court held that "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32. Harden contends that *DePierre* is retroactively applicable to cases on collateral appeal, and

2

that accordingly, he is "actually innocent" of violating 21 U.S.C. § 841(a)(1).

## DISCUSSION

Harden is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his conviction for drug trafficking is invalid because, under *DePierre*, the conduct described in his indictment is not criminal. But § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the

3

savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Harden's claim under *DePierre* does not fall within this exception. Unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation *narrowed* the scope of conduct proscribed by the statute of conviction, the Supreme Court in *DePierre* expressly refused to limit the scope of Section 841(b)(1) to "crack" cocaine, instead reaffirming its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus unlike *Bailey*, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15. Because "the *DePierre* decision did not de-criminalize the conduct for which he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause." *Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

The *DePierre* decision is also not retroactively applicable to cases on collateral review. *Hughes v. United States*, 3:08-CR-106-S, 2012 WL 3947606 at *1 (W.D. Ky. Sept.

4

10, 2012); *United States v. Crump*, No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). The two federal courts of appeal to have reached this issue have both held that claims predicated upon *DePierre* are not cognizable in habeas petitions filed under Section 2241 for each of these reasons. *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012); *Fields v. Warden, FCC Coleman-USP 1*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012).

Even if Harden could assert his claim under *Depierre* in this proceeding, it would fail on the merits. Harden argues that his indictment was defective because it did not specify the requisite quantity of cocaine base. However, in his plea agreement Harden agreed that "I should be held accountable as reasonably foreseeable conduct relevant to my own actions will be more than fifty grams but less than 150 grams of cocaine base which is 'crack'." *United States v. Harden*, No. 3:97-CR-70099-1 (W.D. Va. 1997) (at R. 26, p. 3). Harden's admission in his plea agreement that his offense involved "cocaine base" forecloses any reliance upon *DePierre*. *See Cutshaw v. United States*, No. 2:09-CR-117, 2012 WL 2507514, at *3 (E. D. Tenn. June 28, 2012) (*Depierre* did not assist movant who stipulated in her plea agreement that she had conspired to and distributed more than 150 but less than 500 grams of "cocaine base ('crack')"); *Brookins v. United States*, No. 3:05-CR-5-S, 2012 WL 2922669, at *1 (W.D. Ky. July 18, 2012) (*Depierre* does not assist movant who pleaded guilty to possession with intent to distribute cocaine base).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall update the docket with Orion R. Harden's current address: Federal Correctional Institution-Petersburg, P.O. Box 1000, Petersburg, Virginia, 23804.

2. Orion R. Harden's petition for a writ of habeas corpus [D. E. No 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This 9th day of October, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

6